# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

A. J. Alexander

v.

Kandarp Shah, M.D., P.C.

July 21, 1995

Case No. CH94-4010

BY JUDGE A. BONWILL SHOCKLEY

The court has before it the plaintiff's motion for summary judgment. On May 25, 1995, the court heard argument on plaintiff's motion for summary judgment and defendant's motion for a temporary injunction. Defendant's motion was denied, and plaintiff's motion was taken under advisement. The parties have filed briefs addressing the motion for summary judgment.

This is an action for declaratory judgment brought pursuant to Code of Virginia § 8.01-184. The following facts are not in dispute. The plaintiff was employed by the defendant medical practice as a gastroenterologist, pursuant to a written employment contract. Paragraph 14 of the parties' contract provided that upon termination of the contract, the plaintiff agreed not to "engage in the practice of medicine" within a twenty-five mile radius of any of the employer's offices and any of the hospitals at which the employer practiced for a period of 2½ years. That paragraph further provided that the plaintiff would be free to practice within the prescribed area if he paid the defendant employer "liquidated damages" in the amount of $225,000.00.

The plaintiff filed this action asking the court to declare the entire Paragraph 14 of the parties' contract to be unenforceable. At the May 25, 1995, hearing, this court ruled that the anti-competition provision of Paragraph 14 is overbroad and unenforceable as to the defendant's request for a temporary injunction against plaintiff. The court took under advisement the larger question of whether the second part of Paragraph 14, the liquidated

damages provision, would, when taken in the context of the entire paragraph, alter the court's ruling as to the overbroad nature of the restriction.

The court now finds that the contract's prohibition against practicing medicine of any kind is broader than is necessary to protect the employer's legitimate business interest, since the employer is not engaged in the practice of all fields of medicine. Therefore, the contract's anti-competition provision fails the first prong of the three-prong test followed in Virginia. *Roanoke Eng'g Sales Co. v. Rosenbaum*, 223 Va. 548, 552 (1982); *Blue Ridge Anesthesia v. Gidick*, 239 Va. 369, 371-72 (1990). "Since the restraint sought to be imposed restricts the employee in the exercise of a gainful occupation, it is a restraint in trade, and it is carefully examined and strictly construed before the covenant will be enforced." *Clinch Valley Physicians v. Garcia*, 243 Va. 286, 289 (1992).

The court now finds that the entire Paragraph 14 is void and unenforceable. The court will not engage in "blue penciling" and rewrite the contract in order to make it enforceable. *See Pais v. Automation Prods., Inc.*, 36 Va. Cir. 230 (1995). Since the anti-competition provision is overbroad and therefore void and unenforceable, it must necessarily follow that plaintiff should not be required to pay for the privilege of engaging in conduct, the practice of medicine, that is not contractually prohibited. It further must follow that obligating an employee to make such a payment cannot somehow transform a void provision into one that is enforceable.

The plaintiff's motion for summary judgment is granted. The plaintiff's request for attorney's fees and costs is denied. The defendant's cross-bill is dismissed.